UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANTHONY EASON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:10-CV-00076-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES PENITENTIARY-MCCREARY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

Anthony Eason is currently in the custody of the Federal Bureau of Prisons and incarcerated in the United States Penitentiary McCreary ("USP-McCreary"), in Pine Knot, Kentucky. He has initiated a *pro se* civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Complaint, as later amended [R. 2, 4], is now before the Court for initial screening.[1] 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this cause of action.

**I.**

In his original construed complaint, Plaintiff verified the following allegations to be true:

> [O]n January 17th 2010 while inside his cell at the USP-McCreary, Inmate Eason was badly assaulted with a weapon to which Eason was rushed to local Hospital

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

> an [sic] suffered a broken nose, dislocated shoulder, and recived [sic] 27 staples
> and 15 stitches to his head.

[R. 2.] Plaintiff attached a Bureau of Prisons ("BOP") "Clinical Encounter" note, apparently from the prison medical department. It reflects Eason's injuries of that date and quotes him as to the cause of his injuries: "Lock on a sock, he just attacked me from behind while I was shaving my head."

In a later-filed complaint form, which the Court has construed as an amendment to the original Complaint, the Plaintiff identifies his attacker as another inmate, named Kenneth Legrand. Further, Plaintiff alleges that the assault occurred as a result of the "failure of proper protection in a federal institution." He then explains that Legrand had been moved into his (Eason's) cell the preceding month -- without his permission or even any notice from his counselor. The move was purportedly a violation of prison rules which require both cellmates to agree before they are moved into a cell together, but his Counselor, Mr. Woods, did not consult him. Legrand is alleged to have "caused me nothing but trouble" from the beginning, leading to the assault the following month.

Plaintiff claims that his head is now so scarred and disfigured that he will need plastic surgery on his head and nose. Additionally, he swears that he "suffers from shoulder pain, severe headaches, constant numbness to skull and face, blurred vision . . . ." Eason states that he seeks plastic surgery, damages, and the criminal prosecution of Legrand.

**II.**

From the March 17, 2010, arrival of the original pleading in the Office of the Clerk of this Court without the filing fee or a Motion to proceed *in forma pauperis*, the Court has endeavored to understand the *pro se* Plaintiff's allegations and underlying intent. Accordingly,

the Court first issued an Order informing him that "to the extent that Plaintiff intends his submission to initiate a civil action," there were certain deficiencies which had to be cured. [R. 3.] The Order required the Clerk of the Court to provide forms for curing the financial deficiency if Eason did not have the $350.00 filing fee; also provided a complaint form with instructions and blanks to complete; and pointed out that the Plaintiff had failed to demonstrate which BOP administrative remedies he had exhausted.

Plaintiff has now responded to that Order. He has sought and been granted permission to proceed *in forma pauperis*. He has returned the complaint form substantially completed, although the factual bases for naming certain people as defendants is not given. Eason has, most importantly, revealed that at the time of filing this lawsuit, he was only half-way through the BOP's administrative remedy process. The law requires more.

After the Prison Litigation Reform Act of 1995 ("PLRA"), Title 42 U.S.C. § 1997e(a) has provided, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"Congress enacted the [PLRA] in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*. 548 U.S. 81, 85 (2006). In *Ngo*, the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.*, at 90. *See also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion").

The BOP's administrative remedy process is set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) demands that an inmate first informally present his complaint to the

3

staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may submit a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (via a BP-10 form) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (via a BP-11 form) to the Office of General Counsel. *See* § 542.15 (a)-(b).

Eason has supplied administrative remedy documents regarding the assault by Legrande, Administrative Remedy No. 576841, and these documents show that he had completed only the appeal to the warden. He had yet to send a proper appeal to the level of the Regional Director. Therefore, the Plaintiff has clearly not exhausted the administrative remedy process.

This Court, and other district courts in this circuit, have held that even in light of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007), *sua sponte* dismissal of a complaint is warranted where failure to exhaust is apparent from the face of the complaint. *See Smith v. Lief*, No. 10-8, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008) (where it was clear from face of the complaint that the prisoner had filed an untimely grievance, *sua sponte* dismissal of the complaint without prejudice was warranted); *Spaulding v. Oakland County Jail Medical Staff*, No. 07-12727, 2007 WL 2336216, at *3 (E. D. Mich. August 15, 2007) (dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit).

For these reasons, Eason's cause of action will be dismissed, *sua sponte*, based upon his

4

proven failure to pursue the administrative procedures to exhaustion prior to filing his Complaint. The dismissal will be without prejudice to his re-filing such an action after proper exhaustion.

### III.

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Anthony Eason's civil rights claims in this case will be **DISMISSED WITHOUT PREJUDICE**; and

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This the 26th day of May, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge